```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| ROSA PEREZ MONTALVO, et al, **Plaintiffs** v. PLAZA CAROLINA MALL, L.P., et al, **Defendants** | **CIVIL NO.** 20-1450 (RAM) |

### MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is defendants Plaza Carolina Mall, L.P. ("Plaza Carolina") and Nationwide Janitorial Services, Inc.'s ("Nationwide Janitorial") motion *in limine*. (Docket No. 84). For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

First, defendants seek to exclude evidence related to plaintiffs' economic damages. Id. at 4-5. They contend that plaintiffs should not be able to recover money paid in violation of tax laws and fiscal obligations or that was reimbursed by their medical insurance. Id. However, defendants do not cite any cases to support either argument as required by Local Rule 7(a), nor is the Court aware of any. *See* L. CV. R. 7(a). Turning to defendants' second justification for exclusion, the collateral source rule allows an injured party to recover damages even if an insurance

company reimburses them. *See* <u>McGrath v. Consolidated Rail Corp.</u>, 136 F.3d 838, 840 (1st Cir. 1998). Therefore, defendants' request that evidence related to plaintiffs' economic damages be excluded is **DENIED**.

<u>Second</u>, defendants object to plaintiffs calling Dr. Orlando Fernández and Dr. Victor Santiago-Noa as witnesses during their case-in-chief. (Docket No. 84 at 5-9). Despite the 4 percent physical impairment stipulation, the Court is of the view that Dr. Fernández's testimony could assist a jury understand its meaning and the extent of plaintiff Rosa Pérez-Montalvo's alleged injuries. *See* Fed. R. 702. As for Dr. Santiago-Noa, the Court does not see how allowing plaintiffs to call him in their case-in-chief carries risk of breaching the attorney work product privilege any more than cross-examining him would. Accordingly, defendants' objection to plaintiffs calling Drs. Fernández and Santiago-Noa as witnesses is **DENIED**.

<u>Third</u>, defendants object to various items in plaintiffs' exhibit list. (Docket No. 84 at 9-11).

- The Court **GRANTS** defendants' objection to the introduction of evidence from El Conquistador, which appears to be a clerical error.

- The Court **DENIES** as premature defendants' objection to the use of any evidence not yet disclosed by plaintiffs. (Docket No. 84 at 9, 11). While defendants are correct that

    a party who "fails to provide information or identify a witness as required by Rule 26(a) or (e)[] . . . is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial," an exception is made if "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). As plaintiffs have not yet attempted to introduce any undisclosed evidence, the Court cannot determine if it is justified or harmless. Thus, a ruling on this issue would be premature.

- Defendants also seek to exclude a Life Expectancy Table that plaintiffs purportedly failed to produce during discovery. In their opposition to defendants' motion *in limine*, plaintiffs assert that this Life Expectancy Table comes from the Social Security Administration's ("SSA") website, so the Court may take judicial notice of it. (Docket No. 89 at 9-10). The Court agrees with plaintiffs; thus defendants' motion is **DENIED** as to the Life Expectancy Table from the SSA website link provided by plaintiffs. *See* Gent v. CUNA Mut. Ins. Soc'y, 611 F.3d 79, 84 n.5 (1st Cir. 2010) (citing Fed. R. Evid. 201(b), (f)); Rivera v. Marriott Int'l, Inc., 456 F. Supp. 3d 330, 338 (D.P.R. 2020).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of May 2023.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
